The decision below is signed as a decision of

the court.

Signed: December 22, 2006.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                               )
                                    )
REGINA ANQUIONETTE SPENCER,          )    Case No. 06-00314
                                    )    (Chapter 7)
          Debtor.                    )

## DECISION RE MOTION TO DISMISS

The court will grant the motion of the United States Trustee seeking dismissal of this case under 11 U.S.C. § 521(i), and the order of dismissal will permit parties in interest to file memoranda addressing whether the order of dismissal should make the dismissal effective on the date of entry of the order of dismissal or should instead make the dismissal effective retroactively to the 46th day after the filing of the debtor's petition.

I

Subject to the limited exceptions set forth in §§ 521(i)(3) and 521(i)(4) that are inapplicable to this case, § 521(i)(1) provides:

> Subject to paragraphs (2) and (4) and notwithstanding section 707(a), if an individual debtor in a voluntary case

>     under chapter 7 or 13 fails to file all of the information
>     required under subsection (a)(1) within 45 days after the
>     date of the filing of the petition, the case shall be
>     automatically dismissed effective on the 46th day after the
>     date of the filing of the petition.

Section 521(i)(2) (to which § 521(i)(1) is expressly made subject) provides that "any party in interest may request the court to enter an order dismissing the case [and] [i]f requested, the court shall enter an order of dismissal not later than 5 days after such request."

                                II

When the circumstances specified by § 521(i)(1) exist in a case, § 521(i)(1) makes dismissal automatic notwithstanding 11 U.S.C. § 707(a) which provides that the court "may dismiss a case under this chapter only after notice and a hearing and only for cause . . . ."  Accordingly, for a case to be dismissed pursuant to § 521(i)(1), there is no necessity for notice and a hearing, no showing of cause is required, and the court has no discretion not to dismiss the case.  It is arguably in this sense that, as stated by the statute, dismissal is "automatic" effective as of the 46-day mark of the case.  Because no hearing is required, Fed. R. Bankr. P. 2002(a)(4) (requiring 20-day notice of the hearing on a motion to dismiss a chapter 7 case) similarly is inapplicable.  The matter is thus properly before the court.

                                III

The debtor has not filed a Form B22A (a Statement of Current

Monthly Income and Means Test Calculation) as required by 11 U.S.C. § 521(a)(1)(B)(v) within the 45-day period after she filed her petition commencing this case.[1]  Nor has anyone filed within the same time period a motion under 11 U.S.C. § 521(i)(3) or (4).  Accordingly, the case has been "automatically dismissed" pursuant to 11 U.S.C. § 521(i)(1), and the court will thus grant the United States Trustee's motion and enter an order of dismissal as required by § 521(i)(2).  For reasons discussed below, the dismissal arguably must be treated as effective only upon the entry of the order of dismissal even though § 521(i)(1) provides that the case "shall be automatically dismissed effective on the 46th day after the date of the filing of the petition."

IV

Regarding the question of the date on which the order of dismissal should state that the case is dismissed, there are two possible interpretations of the statute.

A.

---

[1] The court does not rely on two of the grounds the motion advances for dismissing the case.  First, although the debtor did not file payment advices as required by § 521(a)(1)(B)(iv), that requirement applies only if the debtor received payments from an employer in the 60 days preceding the commencement of the case.  The debtor's Schedule I shows her as being unemployed, and the United States Trustee does not allege that she received payments from an employer in the 60-day period.  Second, contrary to the United States Trustee's contention, the debtor did comply with 11 U.S.C. § 521(a)(1)(B)(iii)(II) because the petition included as part of the box for the debtor's signature a certification that the debtor received and read the notice required by 11 U.S.C. § 342(b), and the debtor signed that certification.

One interpretation is that, when applicable, § 521(i)(1) effects an automatic dismissal of the case "effective on the 46th day after the date of the filing of the petition," and such 46th day must be treated as the effective date of the dismissal because that is the plain meaning of the statute. Accordingly, any order issued pursuant to a request under § 521(i)(2) to enter an order dismissing the case should recite the 46-day mark of the case as the effective date of the dismissal. Many courts, including this one, have assumed, without extensive analysis, that the order of dismissal under § 521(i)(2) should dismiss the case effective as of its 46-day mark.

B.

A second interpretation is that the dismissal of the case is effective only upon entry of an order dismissing the case. Some arguments in support of that interpretation are as follows.

If the statute were interpreted as requiring the order of dismissal to direct that the case is dismissed effective as of the 46-day mark, this would lead to absurd results that Congress could not have intended, and the statute is sufficiently ambiguous to permit the alternative interpretation that avoids those absurd results. Upon the 46-day mark of the case, § 521(i)(1) treats the case as "automatically dismissed" in the sense that, unlike a dismissal under § 707(a), there is no necessity for showing cause in order to dismiss the case, and,

once the court determines that the debtor has failed by the 45th day to file information required by 11 U.S.C. § 521(a)(1), there is, "effective as of the 46th day after the date of the filing of the petition," no discretion not to dismiss the case.[2]

If the debtor failed by the 45th day to file all information required by § 521(a)(1), § 521(i)(1) provides that the case is automatically dismissed at the 46-day mark of the case. However, this provision is expressly made subject to § 521(i)(2), which provides that "any party in interest may request the court to enter an order dismissing the case [and] [i]f requested, the court shall enter an order of dismissal not later than 5 days after such request."[3] As stated in In re Parker, 351 B.R. at 801 (footnote omitted), "[i]f the case had already been 'automatically dismissed,' this language would be mere surplusage."

Congress did not direct that the court "shall enter an order

---

[2] However, § 521(a)(1)(B) permits the filing requirements of that provision to be made inapplicable if "the court orders otherwise," and such an order can render § 521(i)(1) inapplicable to a failure to file information described in § 521(a)(1)(B). See In re Parker, 351 B.R. 790, 800-02 (Bankr. N.D. Ga. 2006).

[3] Section 521(i)(1) does not refer to § 521(i)(1) as being subject to paragraph (3) of § 521(i) when plainly it is. Perhaps § 521(i)(1)'s statement that it is subject to "paragraphs (2) and (4)" really should have been that it is subject to "paragraphs (3) and (4)." But perhaps it should have been that it is subject to "paragraphs (2), (3) and (4)." Although there plainly was a scrivener's error, it is impossible to conclude that making § 521(i)(1) subject to paragraph (2) was a scrivener's error.

confirming that the case was dismissed effective on the 46th day after the date of the filing of the petition." If Congress had intended that the court enter an order confirming that the case was dismissed on the 46th day, it presumably would have used language similar to 11 U.S.C. § 362(j) (providing for issuance of an order "confirming that the automatic stay has been terminated").

Interpreting the statute otherwise would lead to absurd results, and there are many reasons why Congress would have intended that the order of dismissal should dismiss the case effective upon the date of entry of the order and not effective as of the 46-day mark of the case. First, there can be uncertainty whether § 521(i)(1) actually applies. If dismissal is sought because the movant contends that payment advices were not filed as required by § 521(a)(1)(B)(iv), the debtor might respond that he received no payments from an employer within the 60 days before the date of the filing of the petition, thereby giving rise to a factual dispute. Obviously the court must first determine that the debtor received such payments before it can treat dismissal as automatically required. It makes no sense that the case would stand as already dismissed prior to the court's determining that such payments were received.

Second, treating the case as dismissed on the 46-day mark of the case would give rise to uncertainty in the administration of

the Federal tax system.  Under 26 U.S.C. § 6503(h), once the automatic stay of 11 U.S.C. § 362(a) terminates under 11 U.S.C. § 362(c)(2)(B), the Secretary may have as little as 61 days within which to make an assessment of taxes (60 days plus whatever period the Secretary had available to make an assessment at the commencement of the case).  A request under § 521(i)(2) for dismissal of the case may be filed many months after the 46-day mark of the case.  <u>See</u>,<u>e.g.</u>, <u>In re Cloud</u>, 2006 WL 3438600 (Bankr. N.D. Okla., Nov. 29, 2006) (request filed 131 days after the 46-day mark of the case).  If a case described in § 521(i)(1) is treated as dismissed at the 46-day mark, even though the order of dismissal is not entered until more than 61 days after the passage of the 46-day mark, the Secretary might well lose the period of time within which the Secretary was allowed to assess a tax.

　　　Third, the commencement of a bankruptcy case places a temporary halt (through the automatic stay of 11 U.S.C. § 362(a)) on collection activity and stays the race of diligence in which creditors often engage in order to prevail in collection efforts vis-à-vis other creditors.  If dismissal is effective only upon entry of an order of dismissal that is noticed to all creditors simultaneously, this assures that creditors can all simultaneously resume the race of diligence.  If, instead, dismissal is effective at the 46-day mark of the case because of

non-compliance with § 521(a)(1), the result will be that creditors will be put to the burden of monitoring the case to ascertain whether the debtor failed to comply with § 521(a)(1) so that they can resume collection activity as soon as possible. Subjecting creditors to that burden could not have been intended by Congress.  Making the dismissal effective only upon the date of entry of the order of dismissal assures that creditors are not put to that unnecessary burden of monitoring the debtor's compliance with § 521(a)(1).

    Fourth, in a case in which the debtor's failure by the 45th day to file papers required by § 521(a)(1) is not detected until many months after the case has been pending, various orders may have been entered in the case.  If the case is then dismissed under § 521(i)(2) effective as of the 46-day mark, that dimissal presents the befuddling question of the effect of that dismissal on orders entered in the case in the intervening period after the 45-day mark and before entry of the order of dismissal.  Congress did not likely intend to wreak such havoc.

    Finally, at least one court has held that even after the case has passed the 45-day mark, the court can order that the requirements of § 521(a)(1)(B) shall not apply, thus rendering § 521(i)(1) inapplicable.  See In re Parker, 351 B.R. at 800-02 (court directed under § 521(a)(1)(B) that certain missing documents were not required to be filed under § 521(a)(1)(B), and

8

thereby prevented a dismissal requested by the debtor under § 521(i)(1) that would have worked a substantial injustice on creditors). If that interpretation of the statute is correct, it serves to illustrate that the case is not actually dismissed until the order of dismissal is entered. Even if that interpretation is erroneous, it does not alter the other reasons why the statute ought to be interpreted as making the dismissal effective only upon the date of entry of the order of dismissal.

V

The court is hesitant to decide the issue of the effective date of the dismissal without having received the views of the United States Trustee, who filed the motion, and of other entities who could be affected by the outcome of that issue. An order follows dismissing the case and reserving for later determination the question of whether the dismissal is made effective at the case's 46-day mark or instead effective as of the date of entry of the order of dismissal, with interested parties being given until January 31, 2007, to file memoranda addressing that question.

[Signed and dated above.]

Copies to: All entities on BNC mailing list; Tax Division, Department of Justice, Washington, DC 20530; Attorney General for the District of Columbia.